IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SHAHEED EL-ALIM SHABAZZ, )
also known as MARIO KIM, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 99-G-2435-W
)
WARDEN EDDIE NAGLE and )
THE ATTORNEY GENERAL OF THE )
STATE OF ALABAMA, )
)
Respondents. )

**MEMORANDUM OF OPINION**

The petitioner challenges the constitutional validity of his 1993 conviction for first degree rape and first degree sodomy in the Madison County Circuit Court. On July 12, 2000, the magistrate judge assigned this matter for preliminary review under 28 U.S.C. § 636(b)(1), entered a report and recommendation (doc. 19), finding that the petition was due to be dismissed because it was not filed within the applicable one-year statute of limitations. The petitioner has filed an objection (doc. 20), asserting, among other things, that the petition should be considered by this court due to the fact that his appellate counsel did not timely inform him that he had been denied relief on his direct appeal and, therefore, his untimely post-conviction petition in state court should have been considered and should now act to toll the applicable statute of limitations. *See* 28 U.S.C. § 2244(d)(2).

The petitioner was convicted on April 5, 1993. His appeal was final on February 8, 1994. He did not file a post-conviction petition until May 29, 1998. The four year delay between the conviction becoming final and the filing of the Rule 32 petition is excessive. Even if counsel did

not properly inform the petitioner of the result on appeal, the petitioner had the responsibility to inquire within a reasonable time. Four years is simply unreasonable.

Even if the court permitted the period while the post-conviction petition was pending in state court to act as a tolling period, it would not assist the petitioner. The time for filing his federal habeas petition had expired prior to the filing of the state post-conviction petition.

The court has considered the entire file in this action together with the report and recommendation and the petitioner's objections and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed as being barred by the statute of limitations. An appropriate order will be entered.

**DONE**, this 23rd day of August, 2000.

_____
J. FOX GUIN
SENIOR UNITED STATES DISTRICT JUDGE